**MITCHELL REED SUSSMAN** # 75107
1053 S. PALM CANYON DR.
PALM SPRINGS, CA. 92264
Phone ( 760 ) 325 – 7191

Attorney for plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MITCHELL REED SUSSMAN,** | Case No. 5-18-cv-1176 |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| vs. | |
| **SOLEIL MANAGEMENT, LLC, CLUB DE SOLEIL VACATION CLUB, TAHITI VILLAGE VACTION CLUB,** | |
| Defendant. | |

For its complaint, plaintiff alleges as follows:

**PARTY ALLEGATIONS**

1. Plaintiff, Mitchell Reed Sussman ("Sussman"), is an attorney at law practicing in the state of California with offices in Palm Springs, California engaged in the business of timeshare cancellation and relief.

-1-
**COMPLAINT FOR DECLARATORY RELIEF**

2. At all relevant times plaintiff is the owner and operator of a website www.timesharelegalaction.com.

3. Defendant, Soleil Management, LLC ("Soleil") is a Nevada limited liability company.

4. Defendant, Club De Soleil Vacation Club ("Soleil Club") is a Nevada Non – Profit Corporation.

5. Defendant, Tahiti Village Vacation Club("Tahiti Club") is a Nevada Non – Profit Corporation.

**JURISIDCTION AND VENUE ALLEGATIONS**

6. This action is brought under the Federal Declaratory Judgment Act  28 United States Code §2201 - 2202.

7. This Court has jurisdiction over the subject matter of this action because declaratory relief actions are permitted in federal court to establish a plaintiff's non – liability on matters that raise a federal questions as well as in diversity actions.

8. The plaintiff and defendants in this action are diverse, moreover this complaint raises a federal question under the Lanham Act.

9. Venue in this forum, the Central District of California, is proper pursuant to Title 28, United States Code §1391(b), because a substantial part of the events or omissions on which Plaintiffs' claims are based occurred in this District, including the creation and maintenance of plaintiff's website.

-2-
**COMPLAINT FOR DECLARATORY RELIEF**

**PRELIMINARY ALLEGATIONS**

10. At all relevant times Soleil is in the business of marketing, selling, financing and administering time – share products regulated by the state of California Bureau of Real Estate.

11. According to its website www.soleilmanagement.com, "Soleil Management offers the full spectrum of services required in the operation of vacation ownership resorts. We are able to customize our services based on each resort's unique requirements."

12. Soleil manages time – share properties in the states of Nevada, Florida, Hawaii and California.

13. The California Bureau of Real Estate (CalBRE) administers and enforces the laws governing the sale of subdivided lots and common interest developments, including condominiums and planned developments, it also administers and enforces laws governing the sale of time-share interests.

14. Time-share interests in any time-share project, also known as a time-share plan, to be sold in California, whether the time-share plan is located in California or in any other state in the United States or in a foreign country, are subject to regulation under The Vacation Ownership and Time-share Act of 2004 ("Act").

15. Before a developer may market or sell time-share interests in a time-share plan in California, the developer must

-3-

**COMPLAINT FOR DECLARATORY RELIEF**

obtain a public report issued by the CalBRE which discloses many important aspects of the time-share offering. That public report must be presented to prospective purchasers before purchase so they have an opportunity to read it before making a purchase decision. The developer, or its licensed sales agent, must also give the purchaser a receipt to be signed indicating that the purchaser received and read the public report. As required by law, attached to the face page of the public report is a notice explaining to the purchaser how he or she may cancel the purchase and have all purchase monies returned if cancellation is properly requested within seven calendar days.

16. Defendants operate a multisite time-share plan in which the purchaser of a "nonspecific time-share interest," ( as more fully defined in California Business and Professions Code 11212 (z)(2)(B)), which is the right to use accommodations at more than one component site created by or acquired through the time-share plan's reservation system, but including no specific right to use any particular accommodations.

17. At all relevant times defendants' market and sell vacation ownership programs at a variety of locations throughout the state of California, including within this district.

18. At all relevant times defendants operated in the state of California as vacation ownership program regulated by the

-4-

**COMPLAINT FOR DECLARATORY RELIEF**

    Vacation Ownership and Time – Share Act of 2004 ( hereinafter "Act") insofar as they offer for lease or sale one of more of the following products: (a) Time-share plans with at least one accommodation or component site in California; (b) Time-share plans without an accommodation or component site in California, if those time-share plans are sold or offered to be sold to any individual located within California; (c) an "exchange program" as more fully defined by Business & Profession Code 11212(l).

19. At all relevant times defendants are time – shares subject to the laws of the state of California regulated by CalBRE and subject to the "Act".

**FIRST CAUSE OF ACTION**

**( Declaratory Relief )**

**( Non – Liability under the Lanham Act )**

20. Plaintiff hereby refers to and incorporates by reference paragraphs 1 – 20, inclusive, as though the same were more fully set forth at this point.

21. On or about May 22, 2018, plaintiff received a letter from the law office Hutchison & Steffen stating, inter alia, that the representations set forth on plaintiff's website violate the Lanham Act 15 USC 1125 (a)(1).

22. An actual controversy has arisen and now exists between plaintiff and defendants in that plaintiff contends that (1) his legal website is not considered advertising under

-5-

**COMPLAINT FOR DECLARATORY RELIEF**

   the Lanham Act and (2) the statements and information contained on said website are not false.
23. Defendant's dispute these contentions and contend that plaintiff's website (1) is considered advertising under the Lanham Act and (2) the statements and information contained on said website are false.
24. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff and defendants may ascertain their rights and duties under the Lanham Act.

**SECOND CAUSE OF ACTION**

**( Declaratory Relief )**

**( Non – Liability under Rico )**

25. Cross-Complainant hereby refers to and incorporates by reference paragraphs 1 – 24, inclusive, as though the same were more fully set forth at this point.
26. On or about May 22, 2018, plaintiff received a letter from the law office Hutchison & Steffen stating, inter alia, that plaintiff's conduct in representing his clients in connection with their desire to be free of their time-share contracts violates the Federal Rico Act.
27. An actual controversy has arisen and now exists between plaintiff and defendants in that plaintiff contends that (1) he is privileged to represent his client's in connection with their desire to be free of their time-

-6-

**COMPLAINT FOR DECLARATORY RELIEF**

      share contracts and (2) the statements and information supplied to time – share owners wishing to be free of their time – share contract are not false.

28. Defendant's dispute these contentions and contend that plaintiff's conduct in representing his client's (1) is not privileged and (2) the statements and information supplied to time – share owners wishing to be free of their time – share contract are not false.

29. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff and defendants may ascertain their rights and duties under the Federal Rico Act.

### THIRD CAUSE OF ACTION
### ( Declaratory Relief )
**( Application of California's Time – Share Act of 2004  )**

30. Cross-Complainant hereby refers to and incorporates by reference paragraphs 1 – 29, inclusive, as though the same were more fully set forth at this point.

31. Plaintiff is informed and believes and thereon alleges that the defendants are not registered with the CalBRE.

32. An actual controversy has arisen and now exists between plaintiff and defendants in that plaintiff contends that (1) defendant's cannot operate within this state without registering the CalBRE.

33. Defendant's dispute these contentions and contend thatthey are not required to register with the CalBRE.

-7-

**COMPLAINT FOR DECLARATORY RELIEF**

34. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff and defendants may ascertain their rights and duties under The Vacation Ownership and Time-share Act of 2004 ("Act").

**WHEREFORE**, plaintiff prays judgment as follows:

### First Cause of Action

1. For a declaration that plaintiff's website is not advertising under the Lanham Act and that the statements made therein are not false.

### Second Cause of Action

1. For a declaration that plaintiff's representation of clients who wish to be free of their time – shares is not a violation of the Federal Rico statute.

### Third Cause of Action

1. For a declaration that defendants are in violation of California's Vacation & Timeshare Act of 2004 and are required to register with the CalBRE.

### All Causes of Action

1. For costs of fees.
2. For such other and further relief as is proper and just.

DATED: May 31, 2018        _/s/ Mitchell Reed Sussman
                             Mitchell Reed Sussman

-8-

**COMPLAINT FOR DECLARATORY RELIEF**