**MITCHELL REED SUSSMAN** # 75107
1053 S. PALM CANYON DR.
PALM SPRINGS, CA. 92264
Phone ( 760 ) 325 – 7191


Attorney for plaintiff


### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA


| **MITCHELL REED SUSSMAN,** | ) | **Case No.5-18-cv-1176-FMO-(SHKx)** |
|---|---|---|
| Plaintiff, | ) ) ) | PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON |
| vs. | ) ) ) | THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITES |
| **SOLEIL MANAGEMENT, LLC, CLUB DE SOLEIL VACATION CLUB,TAHITI VILLAGE VACTION CLUB,** | ) ) ) ) | DATE: Oct. 25, 2018 TIME: 10:00 a.m. COURTROOM: 6D |
| Defendant. | ) ) | |

**TO THE PARTIES AND THEIR ATTORNEYS:**

Plaintiff, Mitchell Reed Sussman ("Plaintiff") hereby submits the following opposition to defendants' motion for Judgment on the Pleadings as the Third Cause of Action.


### Introduction

The Plaintiff in this action, Mitchell Reed Sussman, is a consumer advocate attorney who resides in Palm Springs, California.  The Defendants in this action are Soleil Management,

LLC ("Soleil"), Club de Soleil Vacation Club ("Club de Soleil") and Tahiti Village Vacation Club ("Tahiti Village").

Plaintiff specializes in time - share exit, cancellation and relief for embattled timeshare owners no longer interested in paying the ever escalating fees that are associated with timeshare ownership.  In his capacity as an attorney and consumer advocate, he provides legal services, writes and lectures on the subject and offers information and advice on his website wwww.timesharelegalaction.com. (hereinafter "website")

The  core of the dispute involves defendants assertions that plaintiff's website violates the Lanham Act in that the website contains false and misleading statements of fact under 15 U.S.C. § 1125(a).

Defendants also that plaintiff's legal representation of timeshare clients is deceptive and fraudulent conduct in violation of civil RICO.  18 U.S.C. § 1964

The Plaintiff disputes these contentions and has asked the court for Declaratory Relief.

The complaint consists of three counts:  Count 1, for a declaration that his website is not a violation of the Lanham Act; Count 2, for a declaration that his actions in protecting his clients are not criminal nor a violation of civil RICO and;  Count 3, for a declaration that defendants are in violation of California Business Code 11211.5, because they are <u>not</u> currently authorized by the California Department of Real Estate to sell timeshares in this state, despite the fact that anyone with two eyes and a computer can see that defendants are actively offering for sale their

timeshare products to California residents, over the internet.

The current motion seeks a partial judgment on the pleadings as to the complaint's Third Count on the grounds that plaintiff does not have sufficient "standing" to maintain said count.

_____

*{ Interestingly, the defense spends much of their time arguing the merits of their case and in particular arguing that plaintiff's actions are fraudulent because they do not benefit his clients. Plaintiff will not address the totality of these issues in this opposition but will simply note (1) plaintiff's clients are not complaining about plaintiff's work because he has saved them countless thousands of dollars; and (2) defendants' have misquoted both Nevada's "time-share broker" resale law ( NRS 119A.4771 ) as* well as *Nevada's deceptive advertising laws* which provide for "civil penalties" of $2,500.00 in any actions brought by the Nevada Attorney General *( NRS 207.171,  207.174),* neither of which apply to the plaintiff in this action.   ( Copies of the relevant Nevada statutes are attached to plaintiff's Request for Judicial Notice.)

-3-

**1. <u>Motion for Judgment on Pleadings</u>**

<u>**Statutory Authority**</u>

Federal Rule of Civil Procedure 12(c) provides that "(a)fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Functionally equivalent to a motion to dismiss under Rule 12 (b)(6) a motion for judgment on the pleadings is governed by the same standards as a motion to dismiss in that a motion for judgment on the pleadings must accept as true all the factual allegations of the complaint. [*Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 14-ARutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions*]

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. [<u>*Fleming v. Pickard*</u> (9th Cir. 2009) 581 F3d 922, 925; <u>*Doe v. MySpace, Inc*</u> (5th Cir. 2008) 528 F3d 413, 418 ]

**II. <u>Plaintiff has Standing to Assert the Third Cause of Action</u>**

The gist of the current motion is the defense contention that "Plaintiff fails to allege . . facts sufficient to establish that he has either Article III standing or prudential standing to bring the Third Cause of Action." ( Notice of Motion for Judgment on Pleadings, page 2, lines 1 – 4 )

-4-

**a. California's Vacation Ownership and Time – Share Act of 2004 regulates time – share plans sold to Residents of this state**

The Third Count of the complaint is based upon allegations contained in paragraphs 10 – 19, inclusive, that defendants' "market,"  "sell," "develop," and "administer," time – share plans which are sold to individuals located in the State of California.

The Third Count goes on to allege that "  defendants  are time – shares subject to the laws of the state of California regulated by the CalBRE" ( Complaint paragraph 19  ) and subject to the Vacation Ownership and Time – Share Act of 2004. ( Complaint paragraphs 10 – 19, inclusive  )

The Vacation Ownership and Time – Share Act of 2004 ("Act") recognizes that the tourism industry in this state is a vital part of the state's economy; and that a uniform and consistent method of regulation is necessary in order to safeguard California's tourism industry and the state's economic well-being. *( California Business & Professions Code 11211 (c))*

The Act's stated purpose is to **" to protect** the quality of California time-share plans and **the consumers who purchase them."** *( California Business & Professions Code 11211 (d))*

*///*

*//*

*/*

-5-

b. **Defendants are selling time – share plans to California Residents without complying with the Act and registering with the CalBRE**

The complaint that is before this court alleges: " *1. Plaintiff, Mitchell Reed Sussman ("Sussman"), is an attorney at law practicing in the state of California* with offices in Palm Springs, California *engaged in the business of timeshare cancellation and relief."* ( Complaint paragraph 1 )

It goes on to allege that defendants are *operating* and *selling time – share interests* within this state and are therefore *subject to its laws.* ( Complaint paragraphs 10 - 12, 17 – 19 )

The complaint further alleges that, in spite of the fact that the defendants are *operating* and *selling* " *time – share* " *interests* to California residents, the defendants have <u>*not registered their time – share plans and marketing materials with the CalBRE*</u> as required by the Act (Complaint paragraph 31 ) and therefore cannot operate in this state without said  registration. ( Complaint paragraph 32 )

It is plaintiff's contention that as an attorney practicing in this state and representing clients who "desire to be free of their time – shares" that he has "*public interest"* standing as a consumer advocate to advocate on behalf of his clients and bring this claim which seeks to prevent the defendants from illegally marketing and *selling  time – share plans to residents of this state without a license.*

-6-

**c. Public Interest Standing**

The purpose of a standing requirement is to ensure that the courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor." { *Common Cause v. Board of Supervisors (1989) 49 Cal.3d 432 , 261 Cal.Rptr. 574; 777 discussing public interest standing.)*

Where the question is one of *public right*, a plaintiff need not show any special interest in the result. "*[It] is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced." [Green v. Obledo (1981) 29 C3d 126, 144, 172 CR 206, 216 ]*

Thus, in this state a citizen has a right to sue in a representative capacity where the question is one of public interest. [See *Tenants Ass'n of Park Santa Anita v. Southers* (1990) 222 CA3d 1293, 1299-1300, 272 CR 361, 365]

In ***Farm Sanctuary, Inc. v. Department of Food & Agriculture (1998) 63 CA4th 495, 503, 74 CR2d 75, 79, fn. 6*** a *nonprofit organization* promoting humane treatment of farm animals had standing to challenge a regulation that allegedly exposed farm animals to inhumane treatment. There it was held that a corporation could bring a public interest action when that are pursuing rights, not privately held, but on behalf of the general public:

> "The participation of incorporated and unincorporated associations … has become common and accepted in public interest-oriented litigation … [Associations] are thus pursuing more than privately held rights, and are asserting more than privately held grievances: they are acting as members of the public and in the public interest."

63 CA4th 495, 503, fn. 6

*In one of the most recent case on the subject of  "public interest" standing  **Hector F. v. El Centro Elementary School Dist. (2014) 227 CA4th 331, 342, 173 CR3d 413, 421**,*  a father was found to have standing to maintain a mandamus proceeding to compel a school district to comply with antibullying legislation even though son had already graduated.

Of similar import is **Weiss v City of Los Angeles** *(2016) 2 CA5th 194, 204–206, 206 CR3d 213*  where a judge properly determined that petitioner had standing to seek prospective relief, compelling a city to review contested parking citations, even though the petitioner had elected to pay a fine to the city after unsuccessfully challenging his own parking citation. The judge concluded that the *petitioner had standing under the public interest exception* because there was "no question" that ensuring that the city followed proper procedure for processing and collecting parking tickets was "a matter of public right."

Where the question is one of public right and the object of the action is to procure the enforcement of a public duty, a plaintiff need not show that he has any legal or special interest in the result, since i*t is sufficient that he is interested as a citizen* in having the laws executed and the duty in question enforced." *( See: Save the Plastic Bag Coalition v. City of Manhattan Beach, 52 Cal.4th 155 (2011) 254 P.3d 1005, 1011, 127 Cal.Rptr.3d 710,citing Bd. Of Soc. Welfare v. County of L.A. (1945) 27 Cal.2d. 98, 100 – 101, 162 P.2d 627 )*

-8-

**d. Plaintiff has a personal interest in the subject matter of this dispute**

In addition to standing based upon the "public interest" plaintiff has standing to determine the propriety of defendants' in – state sales activities given that defendants' have asserted that plaintiff's actions in "representing his clients in connection with their desire to be free of their time-share contracts violates the Federal Rico Act." ( Complaint paragraph 26 )

Plaintiff, however, believes that " he is privileged to represent his client's in connection with their desire to be free of their time-share." ( Complaint paragraph 27 ) and that his actions in protecting his clients arise from and are connected to defendants' illegal conduct and violations of the Act.

As noted above, " courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor." *{ Common Cause v. Board of Supervisors (1989) 49 Cal.3d 432 , 261 Cal.Rptr. 574; 777 discussing public interest standing.)*

In the present case there can be no doubt that plaintiff has a sufficient personal interest in the subject matter of this dispute to "press his case with vigor."

## III. Conclusion

Plaintiff believes that the allegations of the complaint support a finding that as a citizen of this state, an attorney and

-9-

consumer advocate in the field of "timeshare cancellation and relief" (Complaint paragraph 1), with a practice devoted to "representing his clients in connection with their desire to be free of their time-share contracts" ( Complaint paragraph 26 ) plaintiff has "public interest" standing to bring this action, the purpose of which is to prevent the defendants from illegally marketing and selling  time – share plans to California residents without complying with California's Vacation Ownership and Time – Share Act of 2004, including but not limited to registering with the CalBRE.

Moreover, given the specific allegations levied against plaintiff personally, to wit, that his actions in protecting his clients' amount to civil Rico violations, there can be no doubt that there is more than a casual connection between plaintiff and the present action sufficient to withstand any standing challenge.

Dated: Oct. 5, 2018

_/s/ Mitchell Reed Sussman

Mitchell Reed Sussman

-10-

| SUSSMAN v. SOLEIL | |
|---|---|
| | CASE NUMBER  5:18-cv-01176-FMO-SHK) |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or proceeding.  My business address is:

**1053 S. PALM CANYON DR., PALM SPRINGS, CALIFORNIA**

A true and correct copy of the foregoing document described  **OPP TO JUDGEMENT ON PLEADINGS**   will be served or was served **(a)** on the judge in chambers in the form and manner required by the local rules; and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On   **OCT 5, 2018**     I checked the CM/ECF docket for this case or  proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**

On    **OCT 5, 2018**                               I served  the  following  person(s)  and/or  entity(ies)  at  the  last  known address(es) in this case or proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. (Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed*.)*

HON. FERNANDO M. OLGUIN,  350 W. FIRST ST., 350 W. 1ST STREET,  SUITE 4311, LOS ANGELES, CALIFORNIA 90012-4701  ATT; CIVIL CLERK

Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LR, on       I  served   the   following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| OCT 5, 2018 | JONI RAVENNA | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ATTACHMENT TO PROOF OF SERVICE

**Case Name:**    SUSSMAN v. SOLEIL etc., et. al.
**Case Number:** 5:18-cv-01176-FMO-SHK


K Todd Curry    tcurry@currylegal.com


Kenneth Charles Feldman    ken.feldman@lewisbrisbois.com, mcox@lbbslaw.com


Larissa G Nefulda    larissa.nefulda@lewisbrisbois.com, erika.gomez@lewisbrisbois.com


Mitchell Reed Sussman    raventv1@aol.com