CURRY ADVISORS
A Professional Law Corporation
   K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone:  (619) 238-0004
Fax Number: (619) 238-0006
e-mail:  tcurry@currylegal.com

Counsel for Defendants
Soleil Management, LLC,
Club de Soleil Vacation Club, and
Tahiti Village Vacation Club

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REED SUSSMAN,<br><br>              Plaintiff,<br><br>v.<br><br>SOLEIL MANAGEMENT, LLC;<br>CLUB DE SOLEIL VACATION<br>CLUB; and TAHITI VILLAGE<br>VACATION CLUB,<br><br>              Defendants.<br>_____ | CASE NO. 5:18-cv-01176-FMO (SHKx)<br><br>REPLY MEMORANDUM OF<br>POINTS AND AUTHORITIES IN<br>SUPPORT OF DEFENDANTS'<br>MOTION FOR PARTIAL<br>JUDGMENT ON THE PLEADINGS<br>AS TO THE THIRD CAUSE OF<br>ACTION<br><br>Date:       October 25, 2018<br>Time:       10:00 a.m.<br>Ct. Rm.: 6D<br>Hon. Fernando M. Olguin |

/ / /

/ / /

/ / /

/ / /

Defendants, Soleil Management, LLC, Club De Soleil Vacation Club, and Tahiti Village Vacation Club,[1] respectfully submit this reply memorandum of points and authorities in support of their Motion For Partial Judgment on the Pleadings as to the Third Cause of Action, which responds to Plaintiff's opposition to the Motion [Docket No. 46].

## I.

## CALIFORNIA LAW DOES NOT GOVERN STANDING IN FEDERAL COURT.

Plaintiff ignores controlling law cited in the Motion concerning the requirements for standing in federal court.  In fact, Plaintiff attempts to side-step federal law altogether by citing multiple California cases that he contends grant standing for him to prosecute his Third Cause of Action, which seeks a "declaration that [D]efendants are in violation of California's Vacation and Timeshare Act of 2004 and are required to register with the [California Bureau of Real Estate]," even though Plaintiff claims no ownership of an interest in a timeshare property.  *See* Opp. at 7-9; Complaint at p. 8.[2]  Thus, Plaintiff argues that when a "public right" is involved, a plaintiff does not need to show any special interest in the result, and "[i]t is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced."  Opp. at 7 (quoting *Green v. Obledo*, 29 Cal.3d 126, 144 (1981)).

Plaintiff overlooks fundamental restrictions on federal court standing and the differences between state court standing and federal courts standing.  "[T]he constraints of Article III do not apply to state courts, and accordingly the state

---

[1]  Hereinafter, Soleil Management, LLC, Club De Soleil Vacation Club, and Tahiti Village Vacation Club will be referred to collectively as "Defendants."

[2]  Hereinafter, the California Vacation Ownership and Timeshare Act of 2004 will be referred to as the "California Act."

courts are not bound by the limitations of a case or controversy or other federal rules of justiciability . . . ." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). Therefore, California and other states can allow standing in the state courts for plaintiffs who seek to enforce rights without regard to whether they have any personal or special interest in the litigation. *See, e.g., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003) (standing in an unfair competition action was determined solely by reviewing the statute, which granted standing even to the general public). However, such broad standing is not permissible i federal courts, even when Congress attempts to grant it. Specifically, generalized complaints by the general public are prohibited, and an individual without a specific interest cannot prosecute an action in federal court simply to ensure compliance with the law. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576-77 (1992). In *Lujan*, the Court flatly rejected the notion that Congress can grant general standing to citizens who otherwise have only generalized complaints and no special interest in a matter. *See id.* at 576-78.

The problem with Plaintiff's reliance upon California law on the standing issue is that state law cannot confer standing on a federal court plaintiff, even when the federal court is applying state law or exercising diversity jurisdiction. *See Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001), *cert. denied*, 535 U.S. 928 (2002). In *Lee*, the Ninth Circuit Court of Appeals held that a California statute that granted standing to members of the general public cannot confer standing to a plaintiff in federal court exercising diversity jurisdiction. The Court acknowledged that "a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury." *Id.* at 1002.

In the instant litigation, Plaintiff's Third Cause of Action is a generalized complaint that Defendants supposedly are not complying with California law. As

explained in the Motion, Plaintiff has not alleged any facts whatsoever suggesting that: (1) he suffered or is likely to suffer some "injury in fact" that is concrete and particularized; (2) there is a causal connection between any injury (or threatened injury) and Defendants' alleged failure to comply with the California Act; and (3) there is a likelihood that any injury will be redressed by a favorable decision on his Third Cause of Action.  Indeed, a decision from the Court whether or not any of the Defendants are subject to the California Act, including any requirement for Defendants to register with the California Bureau of Real Estate, could not possibly affect Plaintiff in any manner, nor does he allege any facts that plausibly could lead to a contrary conclusion.  As a result, Plaintiff lacks Article III standing to assert the Third Cause of Action.

As to prudential standing, Plaintiff is attempting to establish, on behalf of some unidentified person(s) other than himself, that Defendants are subject to the California Act, are in violation of the California Act, and must register with the California Bureau of Real Estate pursuant to the California Act.  He cannot possibly be asserting his own rights, as he has not even alleged that he owns a timeshare interest, let alone one that he acquired from the Defendants (who never have sold or marketed timeshare interests).  Plaintiff even candidly admits that the purpose of the California Act is to protect the consumers who purchase timeshare interests.  Opp. at 5.  Given that Plaintiff does not allege that he is a consumer who purchased a timeshare interest, he is attempting to assert the rights of others rather than his own rights.  This he cannot do in federal court.

Because Plaintiff lacks both Article III standing and prudential standing to assert the Third Cause of Action, that cause of action must be dismissed.

/ / /

/ / /

/ / /

/ / /

## II.

## PLAINTIFF DOES NOT HAVE STANDING TO ASSERT THE RIGHTS OF HIS UNIDENTIFIED CLIENTS.

Lawyers on some occasions have been permitted to assert claims in their own rights on behalf of clients. For example, in *United States Dept. of Labor v. Triplett*, 494 U.S. 715 (1990), a lawyer was allowed to assert the due process rights of his clients, who were black lung claimants, with respect to a law that restricted compensation to lawyers representing such claimants. The Court recognized that normally a litigant may represent only his or her own rights and interests, but that third party standing can exist when a third party is prevented from entering into a relationship with the litigant "to which the third party has a legal entitlement (typically a constitutional entitlement) . . . ." *Id.* at 720. "A restriction upon the fees a lawyer may charge that deprives the lawyer's prospective client of a due process right to obtain legal representation falls squarely within this principle." *Id.* Thus, the lawyer had standing to assert the constitutional rights of his prospective clients.

Similarly, in *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989), the Court held that a lawyer had third party standing to assert the rights of his client under a drug forfeiture statute because a forfeiture of assets could prevent a criminal defendant from engaging counsel and thereby asserting his or her Sixth Amendment right to the assistance of counsel. *See id.* at 623-24 & n.3.

Here, Plaintiff wholly ignores the federal requirements for third party standing. He has not alleged any sort of due process or other constitutional rights of his unidentified clients or prospective clients, nor has he explained or even alleged how any supposed failure on the part of Defendants to register under the California Act somehow prevents Plaintiff's clients or prospective clients from exercising some constitutional right–or any other right for matter, including any

rights under the California Act.  Simply, this case does not fit within the third party standing rule.

**III.**

**PLAINTIFF MISREPRESENTS NEVADA LAW.**

Plaintiff accuses Defendants of misrepresenting Nevada law concerning Plaintiff's fraudulent and deceptive acts in transferring timeshare interests and assisting others to transfer timeshare interests.  *See* Opp. at 3 (footnote). Although Plaintiff's violations of Nevada law are not central to the instant motion and have more relevance to Defendants' pending motion to transfer venue to the District of Nevada, it is both ironic and unfortunate that Plaintiff himself is the one who misrepresents Nevada law.  Aside from the fact that Plaintiff by his silence impliedly admits to violating N.R.S. 119A.720 (participation in a plan or scheme to transfer a previously sold timeshare interest to a transferee who does not have the ability, means or intent to pay assessments), Plaintiff suggests he is not violating N.R.S. 119A.4771.  The problem is, Plaintiff attaches to his Request for Judicial Notice [Docket No. 47] the 2011 version of N.R.S. 119A.4771, whereas the current version is effective July 1, 2013.  The current verison is attached as Exhibit 1 and provides as follows:

> 1. A person who, on behalf of an owner other than a developer and for compensation, undertakes to list, advertise, ***transfer, assist in transferring*** or promote for resale, or solicit prospective purchasers of, more than 12 time shares in any 12-month period that were previously sold must:
>
> (a) Be licensed as a real estate broker pursuant to the provisions of chapter 645 of NRS;
>
> (b) Register as a time-share resale broker with the Division by completing a form for registration provided by the Division; and
>
> (c) Pay any applicable fees.

N.R.S. 119A.4771 (emphasis added).  Plaintiff without question is transferring and assisting in the transfer of timeshare interests, and he has done so more than

/ / /

-5-

12 times in a 12-month period without having a Nevada broker's license. *See* Docket No. 44-1 at 4. Plaintiff blatantly has violated Nevada law.

It is unclear why Plaintiff cites N.R.S 207.171 and 207.174 (Opp. at 3), other than that he apparently thinks he cannot violate those statutes unless the Nevada Attorney General has sued to enforce those laws. Obviously, whether or not Defendants have standing to sue Plaintiff under those statutes is irrelevant to the issue of whether Plaintiff is violating those statutes. Plaintiff also fails to mention that his conduct may constitute a crime as well. *See* N.R.S. 207.175.

## IV.

## DEFENDANTS ARE NOT SELLING TIMESHARE INTERESTS.

Plaintiff continues to assert that "anyone with two eyes and computer can see that defendants are actively offering for sale their timeshare products to California residents, over the internet." Opp at 2-3. Defendant previously debunked this bogus contention using Plaintiff's own purported "evidence." *See* the Reply Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer Action to the United States District Court for the District of Nevada (Las Vegas) [Docket No. 43] at pp. 5-9. In short, Defendants do not sell timeshare interests to the public, Defendants are not the grantors on any timeshare interest deeds relied upon by Plaintiff, and the advertisements presented by Plaintiff in opposition to a change of venue are advertisements for nightly accommodations only, they are not advertisements for the purchase of any timeshare interest. *Id.*

## V.

## CONCLUSION

Plaintiff fails to allege facts indicating that he has standing to assert the Third Cause of Action, nor does he claim that he can do so. Therefore,

/ / /

/ / /

Defendants are entitled to partial judgment on the pleadings, and the Third Cause of Action must be dismissed with prejudice.

Dated: October 11, 2018                              CURRY ADVISORS
                                                     A Professional Law Corporation

                                                      /s/ K. Todd Curry
                                        By:          _____
                                                     K. Todd Curry
                                                     Counsel for Defendants
                                                     Soleil Management, LLC,
                                                     Club de Soleil Vacation Club, and
                                                     Tahiti Village Vacation Club
                                                     email:  tcurry@currylegal.com

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the County of San Diego.  I am over the age of eighteen (18) years and not a party to the above-entitled action.  My business address is 185 West F Street, Suite 100, San Diego, CA 92101.  I am familiar with the practice of Curry Advisors, whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area.  Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.  On October 11, 2018, I served the following:

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

[ ]    (By Mail) placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, CA, addressed as follows:

[ ]    (By Federal Express/Express Mail) placing a true copy thereof enclosed in a sealed envelope, prepaid, deposited with the Federal Express or Express Mail carrier at San Diego, CA, addressed as follows:

[ ]    (By Personal Service) delivery by hand and leaving a true copy with the secretary/receptionist/person addressed as follows:

[XX]  **(VIA ECF NOTICING)** by transmitting the document(s) listed above to the Court via ECF and relying upon the Court's electronic servicing of the following parties in interest:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-8-

Mitchell Reed Sussman:   raventv1@aol.com

Larissa G Nefulda:     larissa.nefulda@lewisbrisbois.com,
erika.gomez@lewisbrisbois.com

Kenneth Charles Feldman:   mcox@lbbslaw.com,
ken.feldman@lewisbrisbois.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on the 11th day of October 2018.

/s/ K. Todd Curry

K. Todd Curry