UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MITCHELL REED SUSSMAN, | Case No. 2:18-cv-02218-JAD-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SOLEIL MANAGEMENT, LLC, et al., | |
| Defendants. | |

Presently before the court is Defendants Club De Soleil Vacation Club and Tahiti Village Vacation Club's Joint Motion for Leave to Amend Their Respective Answers In Order to Assert Counterclaims and Tahiti Vacation Club's Motion to Join Counterclaims as a Counterclaimant (ECF No. 63), filed on March 21, 2019. Plaintiff responded (ECF No. 64) on April 4, 2019, and Defendants replied (ECF No. 65) on April 11, 2019.

## BACKGROUND

Plaintiff, Mr. Sussman, is an attorney who represents timeshare purchasers wishing to cancel and/or return their timeshare interests. (ECF No. 64 at 3.) After receiving a cease and desist letter from Defendants on May 22, 2018, Mr. Sussman filed this case in the Central District of California on May 31, 2018. (*See* ECF No. 1 (Compl.).) Mr. Sussman seeks a declaratory judgment that his practices do not violate the Lanham Act or the RICO Act and that Defendants' actions violate California's Vacation and Timeshare Act of 2004. (*See id.*)

Defendants filed answers on July 3, 2018 and amended answers on July 24, 2018. (*See* ECF Nos. 18-20, 24-26.) These answers and amended answers did not include counterclaims. (*See id.*)

The court subsequently entered a discovery plan, which critically provided that the deadline to amend any claims and add parties was November 6, 2018. (ECF No. 37 at 11.)

This case was then transferred from the Central District of California to the District of Nevada on November 19, 2018. (ECF No. 53.)

The parties then filed an amended discovery plan that the court entered on January 18, 2019. (ECF No. 61.) The parties did not agree to extend the deadline to amend pleadings and add parties, which by that point had passed. (*See id.* at 2.) Defendants did note, however, that they intended to seek leave of court to assert counterclaims against Plaintiff. (*Id.*)

On March 21, 2019, Defendants filed the instant motion to amend their answers to assert counterclaims and to add a defendant, Tahiti Vacation Club, to join these counterclaims. (ECF No. 63.) In Defendants' opening brief, they argue that federal courts should freely grant leave to amend when justice requires under Federal Rule of Civil Procedure 15(a). (*Id.* at 6.) They assert that leave to amend should only be denied when amendments are frivolous, unduly prejudicial, cause undue delay, or the court finds bad faith. (*Id.* at 7.) Defendants argue that their motion does not present any of these considerations and that "every claim included in the proposed Counterclaim is related to the same conduct for which Plaintiff is seeking declaratory relief." (*Id.*)

Plaintiff responds that the deadline to amend pleadings and add parties has already passed. (ECF No. 64.) Accordingly, Plaintiff asserts that the court must start its analysis with Rule 16(b), which requires the court to find good cause for the late filing before proceeding to a Rule 15(a) analysis. (*Id.*) Plaintiff further argues that (1) Defendants waived any argument that good cause exists for their late filing because they did not address it in their opening brief; (2) even if the court were to engage in a good cause analysis, no good cause exists because Defendants were not diligent in seeking to leave to amend; and (3) even if the court found good cause under Rule 16(b), Defendants' motion would fail under Rule 15(a), because late motions to amend are not viewed favorably when the movant has been aware of the facts and theory supporting amendment since the beginning of the case. (*Id.*)

Defendants' reply suggests that Rule 16(b) does not apply, because Defendants are not seeking a modification of the scheduling order. (ECF No. 65 at 3.) However, Defendants also argue that if Rule 16(b) should apply, good cause exists for their late filing because (1) all the claims in the proposed counterclaim are related to the same conduct for which Plaintiff is seeking

declaratory relief; (2) the joint proposed scheduling order provided that Defendants intended to assert counterclaims; (3) the additional counter-defendant that Defendants seek to add is indispensable because it intentionally and wholeheartedly participated in Plaintiff's scheme; (4) the interests of judicial economy weigh in favor of hearing Defendants' counterclaims in this case; and (5) prior to the transfer of this case to the District of Nevada, counsel's efforts were targeted at transferring this case and briefing Defendants' motion for partial judgment on the pleadings. (*Id.* at 4.)

## DISCUSSION

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10

1  (no good cause for amendment when movant knew of facts and theory from the beginning of the
2  case and waited until four months after the deadline for amendments passed to move to amend).

3  Here, as an initial matter, the court is troubled by Defendants' failure to raise and address
4  Rule 16(b)(4) in its opening brief, given the Ninth Circuit law on this point. However, in the
5  interest of resolving the parties' dispute on the merits, the court considered Defendants'
6  arguments in its opening and reply briefs.

7  Defendants have not, however, demonstrated good cause for their late motion to amend.
8  Defendants implicitly acknowledge that they have known about the facts and theories supporting
9  their counterclaims since before this litigation began. (*See* ECF No. 65 at 6 (acknowledging that
10 Plaintiff has been on notice of Defendants' proposed counterclaims since Defendants sent their
11 cease and desist letter to Plaintiff before this litigation began).) Nonetheless, Defendants waited
12 until nearly a year after this case was filed and more than four months after the deadline to amend
13 pleadings to file the instant motion to amend. Further, as discussed in more detail below,
14 Defendants' arguments all fail to show that Defendants were diligent in seeking to amend their
15 answers and add another counter-defendant.

16 Defendants' argument that all the claims in the proposed counterclaim are related to the
17 same conduct for which Plaintiff is seeking declaratory relief does not show that Defendants were
18 diligent in moving to amend. If anything, it suggests that Defendants have known about their
19 proposed counterclaims from the inception of the case.

20 Defendants' argument that the joint proposed scheduling order provided that Defendants
21 intended to assert counterclaims also does not establish diligence. If simply notifying the court
22 that a party intends to file a late motion to amend was enough to establish good cause, the good
23 cause standard would be meaningless.

24 Defendants' argument that the additional counter-defendant that Defendants seek to add is
25 indispensable (because it intentionally and wholeheartedly participated in Plaintiff's scheme) also
26 does nothing to establish diligence in seeking leave to amend.

27
28

1   Defendants' argument that the interests of judicial economy weigh in favor of hearing
2   Defendants' counterclaims in this case also does nothing to establish that Defendants were
3   diligent in seeking leave to amend.
4   Finally, Defendants argue that prior to the transfer of this case to the District of Nevada,
5   counsel's efforts were targeted at transferring this case and briefing Defendants' motion for
6   partial judgment on the pleadings. Defendants write that while they were litigating the transfer of
7   this case, "Defendants were not going to attempt to add new claims and parties until that issue
8   was resolved." (ECF No. 65 at 4.) While this was certainly a strategic decision that Defendants
9   could and did make, it neither relieved them from the amendment-deadline nor changed Rule
10  16(b)(4)'s requirement that a party show good cause for late amendments.  Defendants were
11  aware the deadline to amend their pleadings was November 6, 2019. The case was transferred
12  shortly thereafter on November 19, 2018. Defendants waited more than four more months to
13  move to amend. Even if the court accepted the Defendants' reasons for not moving to amend
14  while the case was being transferred (on which the court expresses no opinion), Defendants fail to
15  explain how they were diligent in moving to amend after the case was transferred. *See Mammoth*
16  *Recreations*, 975 F.2d 609-10 (no good cause for amendment when movant knew of facts and
17  theory from the beginning of the case and waited until four months after the amendments-
18  deadline to move to amend).
19  Accordingly, the court does not find good cause for Defendants' late motion to amend and
20  recommends that it be denied. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at
21  737 (if the movant was not diligent, the inquiry ends); *Mammoth Recreations*, 975 F.2d at 609
22  (same).

23  **CONCLUSION AND RECOMMENDATION**

24  IT IS THEREFORE RECOMMENDED that Defendants Club De Soleil Vacation Club
25  and Tahiti Village Vacation Club's Joint Motion for Leave to Amend Their Respective Answers
26  In Order to Assert Counterclaims and Tahiti Vacation Club's Motion to Join Counterclaims as a
27  Counterclaimant (ECF No. 63) be DENIED.
28

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 16, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE